1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAZLEY,

11          Petitioner,                    No. CIV S-06-2124 GEB KJM P

12       vs.

13   BOARD OF PRISON TERMS,              ORDER

14          Respondent.

15   _____/

16          Petitioner is a former county jail inmate, proceeding pro se with a petition for a

17   writ of habeas corpus under 28 U.S.C. § 2254, together with a request to proceed in forma

18   pauperis.

19          Examination of the in forma pauperis affidavit reveals that petitioner is unable to

20   afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is

21   granted.  See 28 U.S.C. § 1915(a).

22          Petitioner alleges that his parole revocation hearing has been delayed, in violation

23   of the order in Valdivia, et al v. Schwarzenegger, Civ. No. S-94-671 LKK GGH.  However,

24   petitioner has filed a changed of address, showing that he is out of custody.

25          Before this court may proceed, it must determine whether the issues raised in the

26   instant petition present an actual "case or controversy" upon which it may grant relief.  Spencer

1

1  v. Kemna, 523 U.S. 1, 7 (1998); Jackson v. California Dept. of Mental Health, 399 F.3d 1069,

2  1071 (9th Cir.), amended on denial of rehearing by Jackson v. California Dept. of Mental Health,

3  417 F.3d 1029 (9th Cir.  2005).  As the Supreme Court observed:

4           An incarcerated convict's (or a parolee's) challenge to the validity
             of his conviction always satisfies the case-or-controversy
5           requirement, because the incarceration (or the restriction imposed
             by the terms of the parole) constitutes a concrete injury, caused by
6           the conviction and redressable by invalidation of the conviction.
             Once the convict's sentence has expired, however, some concrete
7           and continuing injury other than the now-ended incarceration or
             parole-some "collateral consequence" of the conviction-must exist
8           if the suit is to be maintained.

9  Spencer, 523 U.S. at 7.  In Spencer, the petitioner's habeas petition challenged procedures used

10 during his parole revocation hearing; during the pendency of the case, he was released from

11 prison.  The court refused to presume that collateral consequences flowed from the parole

12 revocation sufficient to satisfy the case or controversy requirement and rejected petitioner's

13 speculation that the revocation could be used in a detrimental way in the future.

14          Because petitioner has been released, his petition may not present a case or

15 controversy.   Petitioner will be given the opportunity to show the consequences, if any, from the

16 revocation that may satisfy the case or controversy requirement.

17          Accordingly, IT IS HEREBY ORDERED

18          1.  Petitioner's request to proceed in forma pauperis is granted;

19          2.  Within thirty days of the date of this order, petitioner is directed to show cause

20 why this action should not be dismissed for failing to present a live case or controversy.  Failure

21 to respond will result in a recommendation that the action be dismissed.

22 DATED:  November 21, 2006.

23 _____
   U.S. MAGISTRATE JUDGE
24

25

26 2/bazl2124.osc