1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL BAZLEY,

11              Petitioner,              No. CIV S-06-2124-GEB-KJM P

12       vs.

13   BOARD OF PRISON TERMS,

14              Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16   1.  Background

17              Petitioner is a California prisoner proceeding pro se with an application for writ of

18   habeas corpus under 28 U.S.C. § 2254.  Petitioner alleges that the Board of Prison Terms

19   violated his due process rights by exceeding the permissible time to conduct a final parole

20   revocation hearing.  Petition (Pet.) at 5.

21              On March 14, 2006 petitioner's parole was suspended when he fled his residence

22   without providing his parole agent his new address, after he was accused by his wife of battery.

23   Petitioner was arrested on March 26, 2006, but "absconded" when he was left unsupervised by

24   the Sheriff's office.  Pet., Ex. 2 at 1.

25              Petitioner turned himself into authorities on May 11, 2006.  Id.  On May 30, 2006

26   petitioner was given a probable cause hearing.  Answer, Ex. C at 1.  At that point the petitioner

1

1  rejected a seven month plea offer.  Id. at 3.  On June 14, 2006 petitioner's revocation hearing was

2  postponed, because petitioner was out to court.  Id., Ex. D at 1, 3.  On June 22, 2006 petitioner

3  attempted to accept the seven month plea offer by signing an optional waiver,[1] but because he

4  had previously rejected the offer and the court had scheduled a full hearing, the seven month

5  offer had became null and void.  Id., Ex. F at 3.  Based on petitioner's optional waiver, crime

6  history and the seriousness of the charges against him, petitioner was offered a twelve month

7  sentence.  Id.  On July 18, 2006, after he agreed to an unconditional waiver, petitioner accepted a

8  seven month plea agreement.  Id., Ex. H at 3.

9  2.  Standard of Review

10              An application for a writ of habeas corpus by a person in custody under a

11  judgment of a state court can be granted only for violations of the Constitution or laws of the

12  United States.  28 U.S.C. § 2254(a).  Federal habeas corpus relief also is not available for any

13  claim decided on the merits in state court proceedings unless the state court's adjudication of the

14  claim:

15          (1) resulted in a decision that was contrary to, or involved an
          unreasonable application of, clearly established federal law, as
16          determined by the Supreme Court of the United States; or

17          (2) resulted in a decision that was based on an unreasonable
          determination of the facts in light of the evidence presented in the
18          State court proceeding.

19  28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").  See Ramirez v. Castro,

20  365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief

21  under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth

22  Amendment rights and that § 2254(d) does not preclude relief); see also Lockyer v. Andrade, 538

23

24          [1] An optional waiver is the option to give up the right to contest charges or have a
    probable cause or full revocation hearing.  The party, however, may choose to have a later
25  hearing, within 15 days of the end of local proceedings. 15 C.C.R. § 2641(b).  In contrast, an
    unconditional waiver is a waiver of all rights by the parolee to personally appear before the board
26  to contest charges.  The parolee will no longer be entitled to a hearing, but may appeal the time
    assessed by the board.  15 C.C.R. § 2641(a).

1  U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did

2  not address the merits of petitioner's Eighth Amendment claim).[2]   Courts are not required to

3  address the merits of a particular claim, but may simply deny a habeas application on the ground

4  that relief is precluded by 28 U.S.C. § 2254(d).   Lockyer, 538 U.S. at 71 (overruling Van Tran v.

5  Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000), in which the Ninth Circuit required district

6  courts to review state court decisions for error before determining whether relief is precluded by

7  § 2254(d)).   It is the habeas petitioner's burden to show he is not precluded from obtaining relief

8  by § 2254(d).   See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

9        The "contrary to" and "unreasonable application" clauses of § 2254(d)(1)  are

10  different.   As the Supreme Court has explained:

11            A federal habeas court may issue the writ under the "contrary to"
             clause if the state court applies a rule different from the governing
12            law set forth in our cases, or if it decides a case differently than we
             have done on a set of materially indistinguishable facts.   The court
13            may grant relief under the "unreasonable application" clause if the
             state court correctly identifies the governing legal principle from
14            our decisions but unreasonably applies it to the facts of the
             particular case.   The focus of the latter inquiry is on whether the
15            state court's application of clearly established federal law is
             objectively unreasonable, and we stressed in Williams [v. Taylor,
16            529 U.S. 362 (2000)] that an unreasonable application is different
             from an incorrect one.

17

18  Bell v. Cone, 535 U.S. 685, 694 (2002).   A state court does not apply a rule different from the

19  law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply

20  fails to cite or fails to indicate an awareness of federal law.   Early v. Packer, 537 U.S. 3, 8

21  (2002).

22
    _____

23        [2]  In Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals
    held in a § 2254 action that "any independent opinions we offer on the merits of constitutional
24  claims will have no determinative effect in the case before us . . .   At best, it is constitutional
    dicta."   However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain
25  relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.   Title
    28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation
26  of the Constitution before he or she may obtain habeas relief.   See Lockyer, 538 U.S. at 70-71;
    Ramirez, 365 F.3d at 773-75.

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003). Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

In deciding petitioner's state habeas claim, the Superior Court of California, County of Sacramento, stated that the petitioner was provided a timely hearing on May 30, 2006. Answer, Ex. K at 11. The court erroneously believed the May 30th hearing was a final revocation hearing when it was in fact an initial probable cause hearing. Id., Ex. C. at 1. Despite this factual error, which is presumed incorporated in the Supreme Court's later denial, Gill v. Ayers, 342 F.3d 911, 917 n. 5 (9th Cir. 2003), the instant petition should not be granted for the reasons set forth below.

3. Waiver

In a letter he wrote to the Board of Prison Terms, attached to the petition, petitioner cites Valdivia v. Schwarzenegger, CIV-S-94-0671 LKK GGH (E.D. Cal.), for the proposition that a final revocation hearing must be heard within 35 calendar days of receiving a

4

1   parole hold.  Pet. at 10.[3]  Previously, delays in California for up to forty-five days "before

2   providing the parolee an opportunity to be heard regarding the reliability of the probable cause

3   determination" were considered violations of the due process rights of the parolee.  <u>Valdivia v.</u>

4   <u>Davis</u>, 206 F.Supp.2d 1068, 1078 (E.D. Cal. 2002).  Paragraph 11(b)(iv) of the permanent

5   injunction entered in <u>Valdivia v. Schwarzenegger</u> requires that, "[f]or all parolees who do not

6   waive or seek a continuance of a final revocation hearing, defendants shall provide a final

7   revocation hearing on or before the 35th calendar day after the placement of a parole hold."  <u>See</u>

8   CIV-S-94-0671 (Docket No. 1034, ¶11(b)(iv).

9           In this case, it appears petitioner waived his rights to have a final revocation

10  hearing within 35 calendar days.  On July 18, 2006 petitioner accepted a seven month plea

11  agreement in exchange for an unconditional waiver of his rights in this respect.  Answer, Ex. H at

12  3.  Therefore, petitioner falls under one of the exceptions that allows a final revocation hearing to

13  be held beyond the 35 day time period.

14  4.  <u>Unreasonableness and Prejudice</u>

15          Even if there had not been a valid waiver, petitioner's claim for habeas relief still

16  would fail.  In order to support his constitutional claim, petitioner must show "that the delay in

17  the parole revocation hearing was both unreasonable and prejudiced his rights."  <u>Hopper v.</u>

18  <u>Parole Com'n</u>, 702 F.2d 842, 845 (9th Cir. 1983); <u>see</u> <u>Baker v. Wingo</u>, 407 U.S. 514, 530-32

19  (1972) (identifying length of delay, reason for delay, defendant's assertion of his right, and

20  prejudice to the defendant as the factors to consider in determining if there is a violation of the

21  right to a speedy trial).  Without a showing of unreasonableness or prejudice, petitioner cannot be

22  granted habeas relief even if he is denied certain statutory rights.  <u>Hopper.</u> 702 F.2d at 847.

23          Petitioner does not suggest anywhere in his petition that the delay in his final

24  revocation hearing was either unreasonable or prejudicial to his rights.  His only allegation is that

25

26      _____
        [3] The page number reflects the pagination given to the document by the CM-ECF filing
        system.

1    the final revocation hearing exceeded "the 35 day time limit required by law."  Pet. at 5.

2        A. <u>Unreasonableness</u>

3            Moreover, there is no evidence to show the delay was unreasonable.  The

4    revocation hearing would have been timely, and was initially to be held, on June 14, 2006.  It was

5    rescheduled because the petitioner was out to court.  Answer, Ex. D at 1, 3.  The hearing was

6    then scheduled for approximately one week later on June 22, 2006, but this time petitioner was

7    again absent; this time his absence was based on his attempt to waive the hearing in order to

8    accept a seven month plea agreement that had been withdrawn.  <u>Id</u>., Ex. E at 1, 3.  Finally, on

9    July 18, 2006 a valid plea agreement was finalized and accepted by the court.  <u>Id</u>., Ex. H at 1, 3.

10   Given these reasons, the delays in setting a final revocation hearing were not unreasonable.

11       B. <u>Prejudice</u>

12           In <u>Hopper</u>, the petitioner failed to show the necessary prejudice required for

13   habeas relief.  In that case, the petitioner was being held not only on a federal warrant or detainer,

14   but also because of his inability to post bail.  <u>Hopper</u>, 702 F.2d at 847.  In addition, the court

15   stated there was no showing by Hopper that the "failure to hold a timely hearing impaired his

16   ability to present mitigating evidence to the parole board."  <u>Id.</u>

17           Petitioner in the instant case cannot show he was prejudiced.  He was held for

18   absconding from supervision, among other things - a valid reason for initial detention.  In

19   addition, he has not argued that any relevant information or evidence became unavailable to him

20   due to the delay, or pointed to in any other way in which he suffered prejudice from the relatively

21   short delay leading up to the hearing on July 18, 2006.

22           Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a

23   writ of habeas corpus be denied.

24           These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26   days after being served with these findings and recommendations, any party may file written

6

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 17, 2008.

_____
U.S. MAGISTRATE JUDGE

7